# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| Randy Maneice<br><br>    Plaintiff,<br><br>v.<br><br>Convergent Outsourcing, Inc.<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Randy Maneice, ("Randy"), is a natural person who resided in Lawrenceville, Georgia, at all times relevant to this action.

2. Defendant, Convergent Outsourcing, Inc., ("CO"), is a Washington Corporation that maintained its principal place of business in Renton, Washington, at all times relevant to this action and has an office in Houston, Texas.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides in this judicial district and is subject to personal jurisdiction in this district.

## STATEMENT OF FACTS

5. At all times relevant to this action, CO collected consumer debts.

6. CO regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of CO's revenue is debt collection.

8. CO is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described, *infra*, CO contacted Randy to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Randy is a "consumer" as defined by 15 U.S.C. §1692a(3).

12. Around February 2014, CO began contacting Randy on Randy's home telephone in connection with the collection of the debt.

13. During one communication, on or around March 6, 2014, Randy requested CO cease further calls to Randy.

14. During this communication, CO assured Randy CO would remove Randy's phone number from the call list.

15. Despite this request, on more than one occasion, CO contacted Randy in connection with the collection of the debt.

16. CO assured Randy CO would remove Randy's phone number from the call list, which was a misrepresentation as evidenced by the fact that CO contacted Randy on numerous occasions afterward.

17. On or around March 12, 2014, Randy's attorney contacted CO and gave notice of representation and requested CO cease further calls to Randy.

18. Despite this notice, on at least one occasion, CO contacted Randy in connection with the collection of the debt.

19. CO caused Randy emotional distress.

20. CO attempted to collect a debt from Randy.

21. CO violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

32. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

33. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC, LPA


By:   /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip
Attorney in Charge
Ohio Bar # 0079315
Southern District of Texas Bar # 0079315
917 W. 18th Street, Suite 200
Chicago, IL  60608
Phone:  312-380-6110
Fax:  312-361-3509
jeffrey@lifetimedebtsolutions.com

Date:  May 20, 2014